DAVIS, Judge.
William P. Conlen and Sharon K. Gates challenge the final judgment of foreclosure entered in favor of National Credit Union Administration (NCUA) in appellate case number 2D11-1231. Gale G. Wavra, individually and as Personal Representative for John M. Wavra, challenges a similar judgment in appellate case number 2D11-1232. Because the issues raised in the two cases are identical and because NCUA was the plaintiff in both trial court cases, the appeals have been consolidated.[1] Appellants raise five issues on appeal. We affirm both final judgments and write to address only two of Appellants’ issues. The remaining three issues are deemed to be without merit.
*1210 Appellants are residents of Michigan who enrolled in an educational real estate investment venture entitled “Millionaire University.” This program encouraged participants to borrow funds to purchase real estate in Florida on which a residence would be constructed and then sold for a sizeable profit. The scheme included the individuals forming a “power team” comprised of real estate investment experts and agents, a builder, and a mortgage broker. To obtain the purchase money for the real estate and the construction funds, the broker arranged financing that resulted in Appellants’ executing notes and mortgages in favor of Construction Loan Company. The executed notes and mortgages were immediately assigned to Huron River Area Credit Union (“Huron”), a Michigan lender. Appellants allege that by this scheme and representations made by the program, they were induced to become involved in fraudulent transactions.
Upon the completion of construction of the residences, Appellants were unable to sell the homes at the promised price and consequently defaulted on the notes. Prior to their defaults, Huron was placed into involuntary liquidation by NCUA. NCUA then began to manage the assets of Huron. When Appellants defaulted on the notes, NCUA began foreclosure proceedings against them individually, seeking title to the residences. Appellants raised certain affirmative defenses, which the trial court struck based on 12 U.S.C. § 1787(p)(2) and the doctrine set forth in D’Oench, Duhme & Co. v. Federal Deposit Insurance Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). NCUA then moved for summary judgment. In response, Appellants attempted to amend their affirmative defenses, but the trial court denied the motion to amend and granted summary judgment in favor of NCUA. Appellants now challenge the trial court’s final summary judgment.
The D’Oench doctrine, codified in the Federal Deposit Insurance Act of 1950, 12 U.S.C. § 1823(e), provides:
No agreement which tends to diminish or defeat the right, title or interest of the Corporation [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.
Acciard v. Whitney, No. 2:07-cv-476-FtM-36DNF, 2010 WL 6813952, ⅜4 (M.D.Fla. Sept. 17, 2010) (alteration in original) (footnote omitted).[2] “It was adopted to protect the FDIC from secret agreements not appearing in a bank’s records. [Its] central purpose ... is to afford bank examiners the right to rely upon the bank’s records of regular banking transactions in deciphering the bank’s financial state without concern for unwritten ‘side agreements.’ ” Id.
Here, the affirmative defenses raised by Appellants — and those they sought to raise by amendment — fell into two groups. First, Appellants alleged that they executed the notes and mortgages as a result of *1211 fraud on the part of various parties involved in the transactions. Second, they attempted to argue that the notes and mortgages were not valid assets of Huron. Appellants maintained that the assignments were void under either Michigan or federal law as they were contrary to Huron’s bylaws, which required that loans be made only to members of the subject credit union.
With regard to Appellants’ first group of affirmative defenses, the fraud alleged was in the nature of fraud in the inducement, and the D’Oench doctrine insulates NCUA from such defenses. See Glen Johnson, Inc. v. Resolution Trust Corp., 598 So.2d 81, 84 (Fla. 2d DCA 1990) (“[Njeither fraud in the inducement nor knowledge by FDIC was relevant to the [codified application of D’Oench ].” (citing Langley v. Fed. Deposit Ins. Corp., 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987))); see also Gulfstream Dev. Grp., LLC v. Schwartz, Nos. 8:08-cv-1643-T-23MAP, 8:08-cv-1666-T-23TGW, 2009 WL 1107751, *5 (M.D.Fla. Apr.22, 2009) (“Although fraud in the factum arguably precludes application of [D’Oench ], fraud in the inducement, which does not go to the very essence of the agreement but rather merely induces the party to enter the agreement, would not have the same effect” (alteration omitted) (internal quotation marks omitted)).
As for Appellants’ argument that the notes and mortgages were not valid, the federal district court considered the issue under similar facts involving the same or similarly situated parties in Acc-iard, 2010 WL 6813952. The Acciard court noted that the D’Oench doctrine has been applied to nonconforming loans, see OPS Shopping Ctr., Inc. v. Fed. Deposit Ins. Corp., 992 F.2d 306 (11th Cir.1993), and concluded that “although the loans [to credit union nonmembers] ... violated the bank’s internal policies, ... this is not enough to render [notes] void.” Acciard, 2010 WL 6813952, at *6. As such, the Acciard court determined that “enforceable, ... nonconforming contracts ... are subject to the D’Oench doctrine.” Id.; see also Langley, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340.
Additionally, contrary to Appellants’ argument, neither Michigan law nor federal law provides an individual with a cause of action against a credit union for a breach of its bylaws. See Acciard, 2010 WL 6813952, at *4 (“Plaintiffs do not have a private right of action for any violations of the FCUA, the MCUA, Huron’s bylaws or NCUA’s Rules and Regulations, including for the issuance of allegedly nonconforming loans or for the transfer of such instruments from CLC to Huron.”).
Accordingly, we must affirm the final judgments in these constílidated appeals.
Affirmed.
ALTENBERND and NORTHCUTT, JJ., Concur.

. Appellants Conlen, Gates, and Wavra will be collectively referred to as Appellants for the purpose of this consolidated opinion.

. "[T]he D’Oench doctrine ... applies equally to the FDIC, the NCUA, and other federally-insured entities.” Acciard, 2010 WL 6813952, at *4.